IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ARZA MUMMA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 12-1073-GPM |
| | ) |
| WELLS FARGO HOME MORTGAGE, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Defendant removed this action from St. Clair County in Illinois pursuant to this Court's diversity jurisdiction, 28 U.S.C. § 1332(a) (Doc. 3). According to the complaint (Doc. 3-1), Plaintiff contacted Defendant, the mortgagor on Plaintiff's home, in October 2008 when Defendant's representative advised Plaintiff to apply for a loan modification. Plaintiff repeatedly sent the information required for a loan modification to Defendant and received oral confirmation from representatives that his loan would be modified (Doc. 3-1, ¶ 12). He also received documents from Defendant with language that led him to believe his loan modification was in progress (Doc. 3-1, ¶ 14, 15, 17). When Defendant then told Plaintiff his mortgage could not be adjusted because he had not provided the necessary information, Plaintiff again sent the required information and continued phone and written communication with Defendant regarding his qualification for a loan modification (Doc. 3-1, ¶ 26-30). While this communication was ongoing, however, Defendant proceeded to foreclose on Plaintiff's home (*Id.* at ¶ 31). Plaintiff

responded to notice of the foreclosure proceedings with a *pro se* letter (Doc. 9-3).  The St. Clair County Court handling the foreclosure granted Defendant's motion for summary judgment and Plaintiff's home was sold January 18, 2011 (Doc. 3-1, ¶ 31).  Plaintiff seeks relief for:  1) breach of oral and written contract; 2) quiet title; 3) deceptive practices under Illinois's Consumer Fraud and Deceptive Business Practices Act; 4) negligent misrepresentation; 5) fraudulent misrepresentation; and 6) promissory estoppel.

Now before the Court is Defendant's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9 (Docs. 9, 10).  Though a motion to dismiss, not a motion for summary judgment, Defendant asks the Court to take notice of the publicly available judicial proceedings of the state court foreclosure proceeding and of public records regarding the federal Home Affordable Modification Program ("HAMP").  Defendant correctly notes that the Court may "consider judicially noticed documents without converting a motion to dismiss into a motion for summary judgment."  *Menominee Indian Tribe of Wisconsin v. Thompson,* 161 F.3d 449, 456 (7th Cir. 1998).

Defendant argues:   1) res judicata requires the complaint be dismissed, as the state court's foreclosure judgment resolved Plaintiff's claim; 2) the documents sent to Plaintiff were a Trial Period Plan ("TPP") which must be signed by the mortgagor to be binding—it wasn't, so there can be no breach of contract; 3) the statute of frauds and the parol evidence rule precludes any oral promise made by Defendant's representatives from supporting a breach of contract claim; 4) the Home Affordable Modification Program ("HAMP") does not create a private federal right of action and Illinois's Consumer Fraud Act ("ICFA") does not include HAMP in the list of statutes which, if violated, constitute a violation under ICFA, so Plaintiff cannot base an ICFA claim on a

HAMP violation; nor has Plaintiff otherwise adequately pleaded a HAMP violation; 5) Plaintiff's negligent misrepresentation claim is barred by the economic loss rule—Plaintiff can't recover for a purely economic loss under a misrepresentation theory; 6) there is no fraudulent misrepresentation here as the complaint itself reveals no assurance to Plaintiff that Defendant was doing anything other than working on his request for a loan modification; and 7) for much the same reasons (there was never any clear/definite promise), Plaintiff does not plead a promissory estoppel claim.

Plaintiff responds that res judicata does not bar this action as he did not raise these issues in the state foreclosure action (Doc. 16). Though Plaintiff did send a pro se letter to the state court, which was construed as an answer, his complaints about Defendant's behavior in the letter were not properly counterclaims. Plaintiff also claims that the total of communication from Defendant established a de facto contract for mortgage modification—which Defendant breached.

Both parties point to the Seventh Circuit's decision in *Wigod v. Wells Fargo Bank*. 673 F.3d 547 (7th Cir. 2012). The plaintiff in *Wigod*, Lori Wigod, sued Wells Fargo Bank under Illinois common law contract and tort theories and for violation of ICFA. *Id.* at 555. Ms. Wigod claimed Wells Fargo had refused to modify her loan pursuant to HAMP, though Wells Fargo had issued her "a four-month 'trial' loan modification, under which it agreed to permanently modify the loan if she qualified under HAMP guidelines," and she did meet those qualifications. *Id.* Her action in the district court was filed on behalf of a putative class of all homeowners in the United States. The Court of Appeals reversed the district court's dismissal, finding Ms. Wigod's claim that Wells Fargo "agreed to permanently modify her home loan, deliberately misled her into believing it would do so, and then refused to make good on its promise" supported breach of contract and promissory estoppel claims. *Id.* The Court also found Ms. Wigod's claims were

not preempted by federal law. *Id.*

The main factual discrepancy between *Wigod* and this case is the basis for the Court's dismissal of this action—Ms. Wigod's claims did not arise from a previous state court foreclosure action; Mr. Mumma's claims here do.

Under the *Rooker-Feldman* doctrine, this Court has no subject matter jurisdiction to review the judgment of a state court. This doctrine derives from two Supreme Court decisions, *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462,(1983), and "precludes lower federal court jurisdiction over claims seeking review of state court judgments". *Remer v. Burlington Area School Dist.,* 205 F.3d 990, 996 (7th Cir. 2000). As it is a jurisdictional issue, the Court can raise *Rooker-Feldman* sua sponte. *Garry v. Geils,* 82 F.3d 1362, 1364 (7th Cir. 1996). *Rooker-Feldman* is a "narrow doctrine, confined to cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Kelley v. Med-1 Solutions, LLC,* 548 F.3d 600, 603 (7th Cir. 2008) (internal quotations omitted). "The principal difference between claim preclusion (res judicata), which does not affect federal jurisdiction, and the *Rooker–Feldman* doctrine, which does, is that the latter doctrine deals with situations in which the state court's decision is the source of the harm that the federal suit is designed to redress." *Simmons v. Gillespie*, 712 F.3d 1041, 1043 (7th Cir. 2013).

*Rooker-Feldman* does not, however, prevent district court adjudication of claims that are "independent" of the state court proceeding, "even if the new claims involve questions related to those in the original state proceeding." *Crawford v. Countrywide Home Loans, Inc.,* 647 F.3d

642, 645 (7th Cir. 2011).   The "immediate inquiry" then, is "whether the federal plaintiff seeks to set aside a state court judgment or whether he is, in fact, presenting an independent claim." *Taylor v. Fed. Nat'l Mortg. Ass'n,* 374 F.3d 529, 532 (7th Cir. 2004) (internal quotations omitted). "To the extent that any claim allege[s] an independent ground for relief, relief could be granted without necessarily impugning the state court's judgment."   *Crawford,* 647 F.3d at 647. However, courts must "look beyond the four corners of the complaint to discern the actual injury claimed by the plaintiff."   *Johnson v. Orr,* 551 F.3d 564, 568 (7th Cir. 2008).

Here, there is a state court judgment for foreclosure and sale (Doc. 9-4).   Where Plaintiff seeks specific performance of the alleged contract for loan modification and quiet title, he is unequivocally seeking the same relief denied by the state court.   This Court, under *Rooker-Feldman,* clearly has no subject matter jurisdiction over those claims.   Where Plaintiff seeks money damages for violation of the state fraud statute, promissory estoppel, and fraudulent and negligent misrepresentation, the question is whether relief on those claims would contradict the state's judgment.  *See TruServ Corp. v. Flegles, Inc.,* 419 F.3d 584, 591 (7th Cir. 2005). They do.   The basis of all these claims is Plaintiff's contention that the foreclosure was improper because Defendant had promised to restructure his mortgage.   Because Defendant broke its promise, Plaintiff's home was foreclosed—but the foreclosure has been adjudicated.   The Court cannot rule on Plaintiff's claims without going behind that judgment.  *See Sheikhani v. Wells Fargo Bank,* No. 13-1319 2013 WL 2278216 at *1 (7th Cir. May 24, 2013) ("The injury he complains of on his wife's behalf—the loss of her house to foreclosure—flows from the foreclosure judgment itself."); *Ross-West v. Bank of New York Mellon Corp.,* No. 13-1393 2013 WL 3830139 at *1 (7th Cir. July 25, 2013) ("No matter how [plaintiffs] frame their complaint, the

district court could not grant the requested relief—a judgment declaring them to be the rightful owners of the home—without disturbing the state court's foreclosure judgment."); *Wallis v. Fifth Third Bank,* 443 Fed.Appx. 202, 204 (7th Cir. 2011) (Finding that though the plaintiff maintained his injuries were independent of the foreclosure action, the suit actually asked the federal court to "review and reject rulings that the state court made against him in the foreclosure suit.").

Plaintiff had a reasonable opportunity to raise all the issues presented here in the state law foreclosure action. *See Taylor*, 374 F.3d at 535. In fact, Plaintiff did complain to the state court that Defendant had promised he "WOULD receive…my personal Loan Modification Program" (Doc. 9-3). Plaintiff's action here cannot be unwound from the state court's judgment of foreclosure. *See Ritter v. Ross,* 992 F.2d 750, 754 (7th Cir. 1993) ("[T]he crucial point is whether the district court is in essence being called upon to review the state-court decision."). The *Rooker-Felman* doctrine applies to all of Plaintiff's claims. This Court consequently has no subject matter jurisdiction and the case is dismissed. *See Frederiksen v. City of Lockport,* 384 F.3d 437, 438 (7th Cir. 2004); FED.R.CIV.P. 12(b)(1).

**IT IS SO ORDERED.**

**DATED**: September 4, 2013

/s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge